# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RICHARD DEYELL and ERIN DEYELL, | CASE NO. 5:25-cv-732 |
| PLAINTIFFS, | CHIEF JUDGE SARA LIOI |
| vs. | |
| | MEMORANDUM OPINION AND ORDER |
| ROYAL CHEMICAL COMPANY, LTD. and ETCHBERGER TRUCKING, INC., | |
| DEFENDANTS. | |

On August 5, 2025, plaintiffs, Richard and Erin Deyell, sought leave to file a second amended complaint to add party defendants identified during discovery. (Doc. No. 60 (Motion to Amend), at 3.) In their motion, plaintiffs represented that the existing defendants, Royal Chemical Company, Ltd. and Etchberger Trucking, Inc., consent to the motion. (*Id.*)

After a responsive pleading is filed, the complaining party may amend the pleadings only with the opposing party's written consent or by leave of court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. The decision whether to permit the amendment is committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–32, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) (citation omitted); *Estes v. Ky. Util.*, 636 F.2d 1131, 1133 (6th Cir. 1980). The trial court's discretion, however, is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on the merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).

"Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (citing *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986)). When a party has delayed in seeking amendment, the court weighs the cause shown for the delay against the resulting prejudice to the opposing party. *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps*, 30 F.3d at 662–63 (citation omitted). The longer the period of unexplained delay, the less prejudice the adverse party will be required to show to defeat the motion. *Id.* at 662 (citation omitted).

While plaintiffs signal that defendants consent to the motion, there is no evidence in the record that the consent was in writing, as required by Fed. R. Civ. P. 15(a)(2). Accordingly, the Court will consider whether justice so requires that the Court grant leave. The Court rules that it does and hereby grants the motion to amend.

In so ruling, the Court finds no evidence of significant prejudice to the opposing parties (as evidenced by their consent), a likelihood of substantial delay in the proceedings, or a repeated failure to cure deficiencies in the pleadings. The request to amend has been filed before the expiration of the deadline to add parties or amend the pleadings and with more than five months left in discovery, and there is no evidence to suggest that the amendment will cause defendants to expend significant additional expenses conducting discovery. (*See* Doc No. 54 (Case Management

Plan and Trial Order).) Finally, plaintiffs have not demonstrated a repeated failure to cure deficiencies in the pleadings.

In light of the mandate of Rule 15(a) that leave should be "freely" given, the Court rules that "justice so requires" that the motion to amend be granted. *See* Fed. R. Civ. P. 15(a). Accordingly, the Court grants plaintiffs' motion. On or before August 15, 2025, plaintiffs shall file the second amended complaint attached to their motion at Doc. No. 60-1.

**IT IS SO ORDERED**.

Dated: August 11, 2025

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**